UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERRY O. MACKALL,

        Plaintiff,

v.

MIKE J. COX, et al.,

        Defendants.
_____/

CASE NO. 05-71496

HON. MARIANNE O. BATTANI

**ORDER DENYING MOTION REQUESTING COURT TO RECONSIDER RECOMMENDATION AND DISMISSING CASE WITHOUT PREJUDICE**

**I. INTRODUCTION**

Plaintiff filed this prisoner civil rights suit against thirty officials employed by the Michigan Department of Corrections over a dispute about the type of pain medication he received and treatment for allergies and asthma. Pursuant to 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Donald A. Scheer for all pretrial proceedings. Magistrate Judge Scheer issued a Report and Recommendation, dated July 15, 2005, in which he recommended dismissing the Complaint and revoking Plaintiff's *in forma pauperis* status. After reviewing the Report and Recommendation, the Court entered an order adopting the recommendations.

Plaintiff now moves for reconsideration. Pursuant to E.D. Mich. LR 7.1(e)(2), the Court resolves this motion without oral argument. Because Defendant fails to demonstrate a palpable defect by which the Court has been misled, his motion is DENIED.

## II. STANDARD OF REVIEW

Pursuant to Rule 7.1(g)(3) of the Local Rules for the Eastern District of Michigan, a motion for rehearing or reconsideration may be filed within ten days after the entry of the decision to which the movant objects.  A motion for reconsideration which merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, will not be granted. Czajkowski v. Tindall & Associates, P.C., 967 F.Supp. 951, 952 (E.D.Mich. 1997).   A party moving for reconsideration bears a heavy burden.  Wrench LLC v. Taco Bell Corp., 36 F.Supp.2d 787, 789 (W.D.Mich.1998).  In order to prevail, the movant must demonstrate (1) the Court and the parties have been misled by a palpable defect, and (2) the correction of that defect will result in a different disposition of the case.  L.R. 7.1(g)(3).  A "palpable defect" is an error which is obvious, clear, unmistakable, manifest or plain.  Fleck v. Titan Tire Corp., 177 F.Supp.2d 605, 624 (E.D..Mich. 2001); Marketing Displays, Inc. v. Traffix Devices, Inc., 971 F. Supp. 262, 278 (E.D. Mich. 1997) (citation omitted).

## III. ANALYSIS

The gist of Plaintiff's request for reconsideration is that his access to the law library has been limited in violation of his constitutional rights.  He asserts that the librarian technician and others have restricted him in retaliation for filing a lawsuit in state court.  To the extent that Plaintiff's motion is read as raising new claims against new defendants, the Court notes that a motion for reconsideration is not the proper vehicle by which to assert these causes of action.

To the extent that his request for reconsideration is based upon his inability "to mount a legal" defense, the Court notes that Plaintiff claims only that he is limited from use of the library from 8:00 a.m. until 4:30 p.m.  He does not contend that these are the only hours that the library is open.  Moreover, Plaintiff does not dispute the facts upon which the Court based its determination, or that governing law foreclose his claims.

Under the Prison Litigation Reform Act ("PLRA"), the Court is authorized to dismiss a case in circumstances such as exist here.  Plaintiff, who is incarcerated, is subject to the § 1915(g) of the PLRA, which is designed to preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings in forma pauperis ] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The language of the statutory restriction is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury;" however, neither exception is relevant in this case.  The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. Wilson v. Yaklich, 148 F.3d 596, 604-606 (6th Cir.1998).  Therefore, Plaintiff has failed to demonstrate that the

Court has been misled by a palpable defect.

Accordingly, Plaintiff's Motion for Reconsideration is DENIED. Plaintiff is free to refile those claims dismissed under § 1915(g) under the fee provisions of 28 U.S.C. §§ 1911-14, which are applicable to litigants in federal court.

IT IS SO ORDERED.


                                            s/Marianne O. Battani
                                              MARIANNE O. BATTANI
                                              UNITED STATES DISTRICT JUDGE

DATED: September 6, 2005


### CERTIFICATE OF SERVICE

Copies of this Order were mailed to Perry MacKall and Diane M. Smith on this date by ordinary mail and electronic filing.


                                            s/Bernadette M. Thebolt
                                              Deputy Clerk